UNITED STATES of America, Appellee,

v.

Brent Lloyd MOSLEY, Jr., Appellant.

No. 77–1109.

United States Court of Appeals, Eighth Circuit.

Submitted May 3, 1977.

Decided May 17, 1977.

E. Alvin Schay, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty. and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, BRIGHT and STEPHEN-SON, Circuit Judges.

PER CURIAM.

Brent Lloyd Mosley, Jr., appeals his conviction for the armed robbery of the Union National Bank in violation of 18 U.S.C. § 2113(d). His sole ground of error relates to the trial court's admission of "prior inconsistent statements" offered by the government as substantive evidence of Mosley's participation in the bank robbery.

On September 17, 1976, one Harvey Fields made a tape-recorded statement before a state prosecuting attorney which implicated Mosley in the September 15 robbery of the Union National Bank. Prior to making his statement Fields was placed under oath and advised of his *"Miranda"* rights. Fields was later called to testify before the federal grand jury and repeated substantially his prior statement. At the trial, however, Fields' testimony controverted his prior statements. The government then introduced portions of Fields' grand jury testimony and recorded statement as substantive evidence.

The defendant challenges the admission of these prior inconsistent statements as substantive evidence under Fed.R.Evid. 801(d)(1)(A).[1] He asserts that the grand jury testimony was inadmissible as substantive evidence, because a grand jury is not "a trial, hearing, or other proceeding" within the meaning of the rule. He also challenges the admission of the recorded statement before the state prosecuting attorney as substantive evidence, because (1) under Arkansas law a false statement made under oath to a prosecutor is subject to the penal-

---

[1]. Fed.R.Evid. 801(d)(1)(A) provides:
    (d) Statements which are not hearsay.—A statement is not hearsay if—
    (1) Prior statement by witness.—The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition,   .   .   .

ty of false swearing, not perjury, and (2) that the giving of a sworn statement to a prosecutor is not "a trial, hearing, or other proceeding."

The legislative history[2] of Rule 801 clearly establishes that statements made before a grand jury are within the scope of the rule. The original version of Rule 801(d)(1)(A), as passed by the Senate, placed no restrictions on the conditions under which the prior statement was made. The House version, however, required that the prior statement be subject to cross-examination and be given in a "trial, hearing, or in a deposition." In conference a compromise was reached to include grand jury testimony. The cross-examination requirement was deleted and the phrase "other proceeding" was added. As stated in *United States v. Castro-Ayon,* 537 F.2d 1055, 1057 (9th Cir. 1976), these changes represented a conscious choice "to include grand-jury proceedings within the ambit of 'other proceedings.'" This conclusion is supported by the Conference Committee Report which expressly states, "The rule as adopted covers statements before a grand jury." H.Rep.No.93–1597, 93d Cong., 2d Sess. (1974), reprinted in [1974] 4 U.S.Code Cong. & Adm.News pp. 7098, 7104.

Since we find that Fields' grand jury testimony was properly admitted as substantive evidence, we decline the invitation to decide whether his recorded statement to the state prosecuting attorney is within the scope of the rule.[3] Fields' testimony before the grand jury was substantially the same as his prior recorded statement. Thus his recorded statement was cumulative and not so prejudicial as to require a new trial. *See United States v. Davis,* 551 F.2d 233 (8th Cir. 1977).

The judgment of conviction is affirmed.

---

**2.** S.Rep.No.93–1277, 93d Cong., 2d Sess. (1974); H.Rep.No.93–650, 93d Cong., 1st Sess. (1973); H.Rep.No.93–1597, 93d Cong., 2d Sess. (1974) (Conference Committee Report). These reports are reprinted in [1974] 4 U.S.Code Cong. & Adm.News pp. 7051, 7075, 7098. A discussion of the legislative history is contained in 4 J. Weinstein & M. Berger, *Weinstein's Evidence* 801–1 to –29 (1975).

---

**3.** Although reserving the question, we observe that in *United States v. Castro-Ayon,* 537 F.2d 1055 (9th Cir. 1976), the Ninth Circuit held that the giving of a sworn statement before an immigration agent was within the ambit of "other proceeding."