Timothy **RICHARDS**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 4620.

Supreme Court of Alaska.

Sept. 26, 1980.

---

David C. Backstrom, Asst. Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

PER CURIAM.

Timothy Richards, Sr., was convicted of manslaughter for the June, 1978 death of his six–week–old son. The conviction rested largely on a videotape made of Richards' eight–year–old son, Lonnie, shortly after the baby died. In this tape Lonnie reenacted what he claimed to have seen from his bedroom on the night at issue: his father beating the baby and throwing him across the room.

Richards asserts that it was error for the trial court to admit this tape into evidence over his objections. We cannot agree. When Lonnie testified at trial that he had forgotten much of what he had seen that night, the tape was admissible as a prior inconsistent statement.[1]  *See Wright*

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Former Alaska R.Civ.P. 43(g)(11)(c) which was applicable to criminal proceedings under former Criminal Rule 26(a) at the time of Richards' trial provided:

"*Prior Inconsistent Statement.* A witness may be impeached by evidence that he has made at other times statements inconsistent with his present testimony. The statements must first be related to him, with the circumstances of times, places, and persons present, and the witness shall be asked whether he has made such statements and, if so, shall be allowed to explain them. If the statements are in writing, they shall be shown to the witness before he is asked any question concerning them."

This rule has been replaced by Alaska R.Evid. 801(d)(1)(A) which provides:

"(d) *Statements Which Are Not Hearsay.* A statement is not hearsay if

*v. State*, 501 P.2d 1360, 1368–69 (Alaska 1972); *Beavers v. State*, 492 P.2d 88, 91 (Alaska 1971); McCormick, *Evidence*, § 34 at 67–68 (2d ed. 1972). And under *McMaster v. State*, 512 P.2d 879, 882–84 (Alaska 1973), the prosecution was not required to allow Lonnie to explain his inconsistent statement before introducing it, because of his young age.[2]

█ Richards also appeals as excessive his sentence of ten years' imprisonment, with three years suspended.[3] In light of Richards' apparent severe alcohol problem and lack of motivation to obtain treatment, his potential for antisocial conduct when intoxicated, and the serious nature of the offense, we cannot say that his sentence was clearly mistaken.

AFFIRMED.

(1) *Prior Statement by Witness.* The declarant testifies at the trial or hearing and the statement is

(A) inconsistent with his testimony. Unless the interests of justice otherwise require, *the prior statement shall be excluded unless*

(i) the witness was so examined while testifying as to give the witness an opportunity to explain or to deny the statement or

(ii) the witness has not been excused from giving further testimony in the action; or . . . ."

2. In this case the prosecution did not follow the procedure specified in Alaska's former Rule of Civil Procedure 43(g)(11)(c) for impeachment of a witness, in that Lonnie Richards was not first informed as to the content of his earlier videotaped statement and afforded an opportunity to explain it. Richards, however, has not raised the failure to comply with the rule as a point on appeal, nor has he argued in his brief that the videotape should not have been admitted for that reason. We do not believe that the admission of the impeaching testimony constitutes plain error, and accordingly find it unnecessary to consider the views expressed in the dissenting opinion by Connor, J., with whom Boochever, J., joined, in *McMaster v. State*, 512 P.2d 879, 884–86 (Alaska 1973), pertaining to the necessity for compliance with the former rule.

3. Under former AS 11.15.040, Richards could have been sentenced to 20 years.