**UNITED STATES of America, Appellee,**

v.

**Robert L. RUSSELL, Appellant.**

**No. 83–1296.**

United States Court of Appeals, Eighth Circuit.

Submitted July 15, 1983.

Decided July 25, 1983.

---

Summers, Cope & Walsh, P.C. by Clinton D. Summers, Poplar Bluff, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Charles A. Shaw, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Robert Russell appeals his conviction for three counts of aiding and abetting the passing and uttering of forged and altered United States postal money orders in violation of 18 U.S.C. §§ 2(a) and 500. Russell asserts the trial court improperly admitted prior inconsistent statements made by the government's chief witness to the grand jury and to investigating agents from the United States Postal Service. Russell also

challenges the sufficiency of the evidence against him. We affirm.

In February of 1982, a burglar stole seventy-two United States postal money orders and other items from the Oxley, Missouri post office. The following month, the postal authorities apprehended Kenneth Polin after he cashed five of the stolen money orders in and around Poplar Bluff, Missouri. In a handwritten statement to the postal authorities, and later before a federal grand jury, Polin stated that Russell had asked him to cash the money orders in return for half of the money. Polin also stated that Russell had prepared the money orders, driven him to the stores where they were cashed, and provided him with fake identification. Polin pleaded guilty to two counts of passing and uttering forged money orders. The government dropped the other counts and recommended a three year sentence in exchange for Polin's cooperation.

When the government called Polin as a witness at Russell's trial, Polin said he could not remember having any contact with Russell around February 15, 1982, the approximate date the money orders were cashed. The trial court declared Polin a hostile witness and allowed the government to introduce into evidence his prior statements to the federal grand jury and the postal authorities.

■ Polin's grand jury testimony is clearly admissible under the federal rules as substantive evidence. Rule 801(d)(1)(A) provides that a statement is not hearsay if the declarant testifies at trial, is subject to cross-examination concerning the statement, and the statement is "inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding." Grand jury testimony comes within the scope of this rule. *United States v. Dennis*, 625 F.2d 782, 795 (8th Cir.1980); *United States v. Mosley*, 555 F.2d 191, 193 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977).

■ Russell maintains Polin's grand jury testimony should have been excluded because it was not inconsistent with his testimony at trial. We do not agree. "The trial judge has considerable discretion in determining whether testimony is 'inconsistent' with prior statements; inconsistency is not limited to diametrically opposed answers but may be found in evasive answers, inability to recall, silence, or changes of position." *United States v. Dennis, supra*, 625 F.2d at 795. *See also United States v. Rogers*, 549 F.2d 490, 495–96 (8th Cir.1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977). Polin's statement on the stand that he could not recall having any contact with Russell around the time he cashed the forged postal money orders is sufficiently inconsistent with his grand jury testimony for the trial court to admit the previous testimony.

■ Nor did the admission of Polin's prior testimony violate Russell's right to confrontation. The use of out-of-court statements does not violate the confrontation clause as long as the declarant is testifying as a witness and subject to full and effective cross-examination. *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

■ Polin's prior statements to the postal authorities are not within the scope of Rule 801(d)(1)(A) and were admissible only for impeachment purposes. Ordinarily, the trial court should instruct the jury on the limited purpose of such testimony to reduce potential prejudice. *See United States v. Bradshaw*, 690 F.2d 704, 709 (9th Cir.1982); *United States v. Bebee*, 532 F.2d 110, 111 (8th Cir.1976). Russell failed to request a limiting instruction, however, so the issue is whether the lack of such an instruction amounted to plain error. The statements to the postal authorities had little if any prejudicial effect since they were repeated in the grand jury testimony which was properly admitted. The trial court was thus not obliged to give a limiting instruction on its own motion. *See United States v. Murzyn*, 631 F.2d 525, 531 (7th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); *United States v. Conley*, 523 F.2d 650, 655 (8th Cir.1975), *cert.*

*denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327.

■ Finally, we find the evidence introduced at trial sufficient to sustain the conviction. Other evidence corroborated Polin's grand jury testimony. Witnesses at the stores where Polin cashed the money orders testified that another man waited in a pickup truck while Polin went into the stores. The truck was traced to Russell. In addition, Russell's fingerprints were found on one of the money orders.

The judgment of conviction is affirmed.