**Bruce BODINE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–1108.

Court of Appeals of Alaska.

May 29, 1987.

Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Bruce Bodine was convicted by a jury of sexual abuse of a minor in the first degree, in violation of AS 11.41.434(a)(1). Superior Court Judge Rene J. Gonzalez sentenced Bodine to the eight-year presumptive term. Bodine appeals, contending that the trial court erred in allowing prior inconsistent statements of the victim to be admitted for substantive purposes. He also argues that the evidence was insufficient to support his conviction. Finally, he challenges his sentence as excessive, contending that the court erred in declining to refer his case to the three-judge sentencing panel. We affirm the conviction but remand for reconsideration of the sentence.

On August 1, 1984, Yvonne Bodine came home and found her husband, Bruce Bodine, hiding in the shower with her five-year-old daughter, M.G.; M.G. was undressed, and Bodine was zipping up his pants. Yvonne Bodine suspected that her husband was sexually abusing M.G., so she took the child to the hospital to be checked.

Although M.G.'s medical examination did not disclose evidence of sexual abuse, hospital personnel reported Yvonne Bodine's complaint to the Division of Family and Youth Services (DFYS). The following day, DFYS Social Worker Brianne Surrey interviewed M.G. Using anatomically correct dolls, M.G. told Surrey that Bodine had placed his finger in her vagina on at least one occasion.

Another social worker attempted to interview Bruce and Yvonne Bodine. Both were uncooperative. Subsequently, Surrey spoke by telephone with Yvonne Bodine and told her that Bruce Bodine might have to spend time in jail as a result of his assaults on M.G. Yvonne Bodine replied that she had made up the whole story.

Four days later, on August 6, 1984, Officer Cox of the Anchorage Police Department interviewed M.G. in Surrey's presence. The child again indicated that Bodine had penetrated her vagina with his finger. M.G. also described, for the first time, an incident of fellatio. Using anatomically correct dolls, she demonstrated that Bodine had placed his penis in her mouth. M.G. told Cox that "milk" came out of Bodine's penis, making her choke and gag so she could hardly swallow.

Bodine was eventually charged by indictment with two counts of sexual abuse of a minor in the first degree; one count related to digital penetration, and the other charged fellatio.

At trial, M.G. testified that her father had done nothing to hurt her. She also denied ever telling anyone that Bodine had hurt or placed anything in her mouth. Over Bodine's objection, the trial court ruled that M.G.'s earlier statements to Surrey and Cox were admissible as prior inconsistent statements of the witness. Relying on Alaska Rule of Evidence 801(d)(1)(A), the court permitted the jury to consider M.G.'s prior statements as substantive evidence of Bodine's guilt.

The jury acquitted Bodine of the charge involving digital penetration, but convicted him of the charge involving fellatio. Bodine now renews his challenge to the admission of M.G.'s prior statements. He argues that an insufficient foundation was laid at trial to support their admission and that their use as substantive evidence deprived him of his right to confrontation.

■ The admissibility of evidence is within the sound discretion of the trial

court; its rulings are subject to reversal only upon a showing that its discretion has been abused. *Hawley v. State*, 614 P.2d 1349, 1361 (Alaska 1980); *Lipscomb v. State*, 700 P.2d 1298, 1306 (Alaska App. 1985). Prior statements of a witness are generally admissible for purposes of impeachment. *See* A.R.E. 613.[1] Under A.R.E. 801(d)(1)(A), such statements do not constitute hearsay:

> (d) *Statements which are not hearsay.* A statement is not hearsay if
>
> (1) *Prior Statement by Witness.* The declarant testifies at the trial or hearing and the statement is
>
> (A) inconsistent with his testimony. Unless the interests of justice otherwise require, the prior statement shall be excluded unless
>
> (i) the witness was so examined while testifying as to give the witness an opportunity to explain or to deny the statement.

*See also Richards v. State*, 616 P.2d 870, 871–72 (Alaska 1980); *Beavers v. State*, 492 P.2d 88, 94 (Alaska 1971); *Van Hatten v. State*, 666 P.2d 1047, 1051–52 (Alaska App. 1983).

■ In determining the sufficiency of the foundation for admission of prior inconsistent statements, the trial court is allowed considerable latitude, particularly where the witness is a young child. *See Richards v. State*, 616 P.2d at 871–72. Here, M.G., in her testimony at trial, specifically and repeatedly denied that Bodine had ever put anything in her mouth. M.G. similarly denied ever previously telling anybody that he had done so.[2] Although the prosecutor could certainly have been more specific in disclosing to M.G. the date of her prior statements, the persons to whom they were made, and their precise contents, the questions actually asked were, in context, adequate to alert M.G. to her prior interviews with Surrey and Cox and to the general subject matter related therein. In her responses, M.G. plainly and categorically denied making any accusatory prior statements whatsoever.

■ Given M.G.'s age and the subject matter of the interrogation, the trial court did not abuse its discretion in ruling that M.G.'s prior statements were inconsistent with her trial testimony and that M.G. had been given a sufficient "opportunity to explain or deny" those statements. A.R.E. 801(d)(1)(A)(i).

■ Bodine separately claims that the vagueness of the questions asked by the

---

1. A.R.E. 613 provides, in relevant part:

> (a) *General rule.* Prior statements of a witness inconsistent with his testimony at a trial, hearing or deposition, and evidence of bias or interest on the part of a witness are admissible for the purpose of impeaching the credibility of a witness.

2. In relevant part, M.G.'s testimony with respect to fellatio was as follows:

> Q. Did you ever tell anybody, [M.G.], that daddy put something in your mouth?
> A. No.
> Q. Okay. Did you ever talk about that with mommy?
> A. No.
> Q. Did you ever talk about it with anybody?
> A. No.
> Q. You never said daddy put something in your mouth?
> A. No.
> Q. Okay. Did—you never told mommy that? Did you ever tell mommy about daddy putting something in your mouth?
> A. (No audible response.)
> ....
> Q. Did somebody say daddy put something in your mouth?
> A. No.
> Q. Okay, did he do that?
> A. No.
> Q. Did he ever put something in your mouth?
> A. No.
> Q. Do some people think he did put something in your mouth?
> A. No.
> Q. Okay. Did you talk about that with mom, and tell mommy he didn't do that?
> A. No.
> Q. You didn't tell mommy? Did you talk to mommy?
> A. My dad didn't.
> Q. What didn't he do?
> A. He didn't—
> Q. He didn't? Oh. I know what. Okay. I don't know what he didn't do. And if he didn't do anything, you've got to tell everybody he didn't do anything. Why don't you show us what he didn't do. What didn't daddy do. This is the [M.G.] doll. If daddy didn't do anything, what didn't he do, can you tell us?
> A. (No audible response.)

prosecution of M.G. deprived him of the opportunity for a meaningful confrontation and cross-examination concerning the prior inconsistent statements. However, the record does not support this claim.

■ M.G. testified and was available for cross-examination. In her testimony on direct examination, M.G. did not claim loss of memory. *See, e.g., Van Hatten v. State,* 666 P.2d 1047 (Alaska App. 1983). Rather, she expressly denied being harmed by Bodine and similarly denied making any prior statements to the contrary. In the face of this testimony, Bodine elected not to cross-examine M.G. M.G. was found by the trial court to be a competent witness—a finding that Bodine does not challenge on appeal. We must therefore presume that she was capable of answering more specific questions to establish the truthfulness of her trial testimony and the accuracy of the information related in her prior inconsistent statements. The mere fact that it was tactically advantageous for Bodine to forego cross-examination in light of M.G.'s favorable testimony on direct examination certainly does not establish a denial of the right to confrontation.

Bodine next claims that there was insufficient evidence to support his conviction. He relies chiefly on our recent decision in *Brower v. State,* 728 P.2d 645 (Alaska App. 1986), where we held an uncorroborated prior inconsistent statement to be insufficient, standing alone, to support a conviction.

■ The rule governing corroboration is a flexible one, which is grounded in common sense: corroborating evidence is sufficient where it induces a rational belief in the truthfulness of a witness' testimony. *Oxenberg v. State,* 362 P.2d 893, 896–97 (Alaska), *cert. denied,* 368 U.S. 56, 82 S.Ct. 189, 7 L.Ed.2d 128 (1961). *See also Anthony v. State,* 521 P.2d 486, 494 (Alaska 1974); *Dimmick v. State,* 473 P.2d 616, 617 (Alaska 1970).

In the present case, in addition to M.G.'s prior statements, the jury heard considerable evidence indicating that Bodine was sexually attracted to M.G.: Yvonne Bodine first suspected Bruce Bodine of sexually

molesting M.G. in 1982, about two years prior to the current incident. She reported her suspicions to a physician. A medical examination of M.G. performed at that time revealed that M.G.'s outer vaginal area was swollen, consistent with a sexual assault. On one occasion prior to August 1, 1984, Yvonne Bodine found her husband lying on the bed in their bedroom with an erection; M.G. was sitting on top of him. The report of sexual abuse in the present case was precipitated by Yvonne's discovery of Bodine and M.G. hiding in the shower; M.G. was undressed and Bodine was zipping up his pants.

In addition to this information, the jury was entitled to consider the fact that Yvonne Bodine's cooperation with the authorities ended abruptly when she was told that Bodine might have to go to jail for his conduct. Shortly thereafter, M.G.'s version of events also changed dramatically. Two expert witnesses testified at trial concerning M.G.'s psychological condition. Both expressed the opinion that M.G. was a sexually abused child; one testified specifically that, in her view, M.G.'s parents had subjected M.G.—whether deliberately or unintentionally—to severe pressure not to testify against Bodine.

Finally, the jury could properly take into account the specificity with which M.G. was able to describe Bodine's act of fellatio. Yvonne Bodine denied having any conversations with her daughter that might have provided M.G. with such precocious knowledge of male sexual functions. Given M.G.'s age (five years at the time of the assault), the maturity and accuracy of detail in her description of the offense provide intrinsic assurance of the reliability of her statement to Officer Cox. *See, e.g., United States v. Nick,* 604 F.2d 1199, 1204 (9th Cir.1979).

■ When considered in its totality, the foregoing evidence is more than enough to instill confidence in the truthfulness of M.G.'s prior inconsistent statements. While Bodine acknowledges that this evidence might suffice to indicate that M.G. had been sexually abused, he nevertheless

insists that it does not specifically establish that he committed an act of fellatio. According to Bodine, in order to meet the corroboration requirement, the evidence must somehow directly and specifically relate to the act of fellatio alleged in the indictment.

 Bodine cites no authority to support the adoption of such a rigid and formalistic corroboration requirement. And we are aware of none. Applying the flexible standard set out in *Oxenberg v. State,* we find abundant corroborating evidence to support the conviction in this case. 362 P.2d at 896–97. Accordingly, our decision in *Brower v. State* does not preclude the conclusion that the evidence against Bodine was sufficient to support his conviction.

Bodine's final contention is that the trial court erred in failing to refer his case to the three-judge panel for sentencing. Relying on our decision in *Smith v. State,* 711 P.2d 561 (Alaska App. 1985), Bodine argues that his favorable potential for rehabilitation amounted to an unspecified mitigating factor warranting referral to the three-judge panel.

Bodine was sentenced before *Smith* was decided. In moving for referral to the three-judge panel, Bodine did not allege that his favorable prospects for rehabilitation amounted to an unspecified mitigating factor. Consequently, the superior court had no occasion to consider this theory. While Bodine is relatively young, has a good employment history, and has no prior convictions, the record on appeal indicates that he suffers from serious emotional problems, which he tends to deny. Bodine will require long-term psychological counseling to address these problems. He has few close ties with family members or friends and thus can expect little support in his efforts toward rehabilitation. The psychological information in the record reveals that Bodine's prognosis for successful rehabilitation is guarded, at best.

In short, there is little here to justify a finding that Bodine's prospects for rehabilitation are exceptionally good; on this record, denial of a request for referral to the three-judge panel under *Smith* would not be clearly erroneous. *See Bartholomew v. State,* 720 P.2d 54, 55 (Alaska App. 1986). Nevertheless, because sentencing in this case occurred before *Smith* was decided, the sentencing court did not have occasion to consider Bodine's request for referral under the *Smith* rationale. Since Bodine's case was pending on appeal when *Smith* was decided, we believe that, on remand, the sentencing court should have the opportunity to reconsider and rule on Bodine's request for referral in light of our decision in *Smith.*

The conviction is AFFIRMED. The case is REMANDED for reconsideration of the request for referral to the three-judge panel.