**William O. AARON, Appellant,**

v.

**CITY OF KETCHIKAN, Appellee.**

**No. A–6067.**

Court of Appeals of Alaska.

Nov. 22, 1996.

Michael J. Zelensky, Ketchikan, for Appellant.

Steven H. Schweppe, City Attorney, Ketchikan, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

MANNHEIMER, Judge.

William O. Aaron appeals his conviction for refusing to submit to a chemical test of his breath following his arrest for driving while intoxicated, Ketchikan Municipal Code § 10.40.040(d). Aaron's basic contention is that the City of Ketchikan could not prosecute him for refusing to take the breath test because the Alaska Department of Public Safety had already taken administrative action against Aaron's driver's license based on the same incident. We affirm Aaron's conviction.

Aaron asserts that, after his driver's license was administratively suspended, his prosecution for breath-test refusal constituted a second jeopardy for the same conduct. Aaron recognizes that we rejected this same double jeopardy argument in *State v. Zerkel*, 900 P.2d 744 (Alaska App.1995), and that, under the doctrine of *stare decisis, Zerkel* is dispositive of his double jeopardy claim under the federal Constitution.[1] Aaron argues, however, that the double jeopardy clause of the Alaska Constitution (Article I, Section 9) should be interpreted differently on this issue from its federal counterpart.

In *Zerkel*, we expressly declined to decide this double jeopardy issue under the Alaska Constitution. 900 P.2d at 758 n. 8. However, we did explain the rule governing such claims under the state constitution:

When a defendant asserts that the Alaska Constitution affords greater protection than the corresponding provision of the Federal Constitution, it is the defendant's burden to demonstrate something in the text, context, or history of the Alaska Constitution that justifies this divergent interpretation. *See, e.g., Abood v. League of Women Voters*, 743 P.2d 333, 340–43 (Alaska 1987); *State v. Wassillie*, 606 P.2d 1279, 1281–82 (Alaska 1980); *Annas v. State*, 726 P.2d 552, 556 n. 3 (Alaska App.1986); *State v. Dankworth*, 672 P.2d 148, 151 (Alaska App.1983).

*Zerkel*, 900 P.2d at 758 n. 8. Aaron has failed to meet this requirement; he has not provided us with any authority to support his argument that the Alaska guarantee against double jeopardy was intended to be interpreted differently from its federal counterpart on the question of whether the government may subject a person to both administrative proceedings and a criminal prosecution based on the same conduct.

Although Aaron fails to present any argument based on the text or history of the Alaska double jeopardy clause, he nevertheless argues that our double jeopardy clause should be interpreted to give greater protec-

1. We note that the United States Supreme Court recently rejected the primary argument presented by the defendants in *Zerkel*—that civil forfeiture must be considered "punishment" for

double jeopardy purposes because it serves a deterrent purpose. *See United States v. Ursery*, 518 U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

tion than the corresponding federal clause when a person suffers the loss of a driver's license. Aaron points out that a driver's license is often important to a person's livelihood, and he asserts that deprivation of a driver's license infringes upon a person's constitutional right to travel.

While Aaron's arguments certainly support the conclusion that the government must provide a person with a fair opportunity to be heard before it takes action against the person's driver's license, Aaron cites no authority pertinent to the question before this court: whether a state inflicts "punishment" on a driver when it suspends or revokes his license in administrative proceedings based upon evidence that he has violated the rules governing this licensed activity. In *Zerkel,* we answered this question in the negative, and we reiterate that conclusion here.[2]

We hold that Alaska's double jeopardy clause should be interpreted in the same manner as we interpreted the federal double jeopardy clause in *Zerkel.* The fact that the Department of Public Safety had previously taken administrative action against Aaron's driver's license (based on his refusal to submit to the breath test) did not preclude the City of Ketchikan from prosecuting Aaron for the crime of refusing to submit to the breath test. The judgement of the district court is AFFIRMED.

**2.** In his brief, Aaron asserts that the Department of Public Safety often gives little or no notice before it takes administrative action against the license of a driver arrested for driving while intoxicated or refusing the breath test. However, Aaron does not assert that he himself was denied adequate notice of the administrative proceedings in his case. Moreover, even if Aaron had been denied administrative due process, the procedural infirmity in the Department's administrative actions would not affect the question of whether the administrative loss of Aaron's driver's license constituted a "punishment" for double jeopardy purposes. Aaron's remedy would be to seek re-opening or review of the Department's administrative action.