Henry WASSILIE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7266.

Court of Appeals of Alaska.

Oct. 25, 2002.

Kathleen A. Murphy, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

**27.** 711 P.2d 528, 531–32 (Alaska App.1985).

Maarten Vermaat and Kenneth M. Rosenstein, Assistant Attorneys General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

Henry Wassilie was convicted of one count of second-degree assault[1] for assaulting his mother, Mary Wassilie, and one count of fourth-degree assault[2] for assaulting his father, Evan Wassilie. During the trial, Evan was asked if he spoke to the village police about the assaults. He answered that he "didn't see" police officers at his house on night of the assault. Wasillie's attorney interrupted Evan's direct examination by the State to consult with his client. After that consultation, the defense attorney spoke with the prosecutor, and they both told the court that Evan was released. The State later introduced as prior inconsistent statements Evan's statements to Village Police Chief Steven Alexie that Henry Wassilie hit and kicked both him and Mary.

When this case first appeared before us, we remanded for further findings on the circumstances of Evan Wassilie's dismissal as a witness at trial.[3] Superior Court Judge Dale O. Curda found on remand that Wassilie's defense counsel made a tactical decision not to cross-examine Evan and that both parties consented to Evan's dismissal.

The remaining legal issue in this case is whether the trial court properly admitted Evan's out-of-court statement to Chief Alexie as a prior inconsistent statement under Alaska Rule of Evidence 801(d)(1)(A). Evidence Rule 801(d)(1)(A) provides:

> A statement is not hearsay if ... the declarant testifies at the trial or hearing and the statement is inconsistent with the declarant's testimony.

Wassilie argues that Evan's statement to the police should have been excluded because the

prosecutor did not lay a sufficient foundation for admissibility under Evidence Rule 801(d)(1)(A). He also claims that the statement should have been excluded because Evan's genuine loss of memory at trial was not inconsistent with his prior statement for purposes of the rule.

Evan's testimony was translated from Yupik to English. During direct examination, the State asked Evan whether his wife, Mary, was injured the previous winter, and Evan testified that she was injured. However, he could not answer how she was injured. He also could not remember when she was injured. Evan said it was hot out and the sun was up at the time of the assault, but the assault actually occurred on January 8, 1998.

Evan also testified that he could not remember the last time Henry Wassilie, the defendant, was at his house. When the State asked him what time of year Wasillie last lived at his house, he answered, "1917. He was a little boy. But he was always out on the tundra hunting." The State then asked when Henry was born, and Evan answered, "I think it was in '67, but I don't think I have it right, it's on the papers." At that point, the following exchange occurred:

> Prosecutor: Do you remember talking to Chief Alexie about the last time your wife lived in your home? ... Do you remember the police coming to your house this winter, Chief Alexie and VPO Jerry Wassilie? Chief Steven Alexie and VPO Jerry Wassilie.
>
> Evan: Yes. I didn't see any of those guys.
>
> Prosecutor: Does Henry Wassilie live at your house any more?
>
> Evan's translator: He just said, "I can't do it."

At this point, Wassilie's attorney consulted with Wassilie and informed the State that Evan could be released from further testimony. The State agreed to end questioning, and the court excused Evan with both parties' consent.

---

1. AS 11.41.210(a)(1).

2. AS 11.41.230(a)(1).

3. *See Wassilie v. State,* Memorandum Opinion and Judgment No. 4492, 2–6 (Alaska App., November 14, 2001).

Later in the trial, the State called Chief Alexie and asked him if he interviewed Evan on the night of the alleged assault. Wassilie objected on hearsay grounds. Judge Curda found that Evan had a loss of memory and admitted the statement to Chief Alexie as a prior inconsistent statement under Evidence Rule 801(d)(1)(A).

Chief Alexie testified as follows:

Prosecutor: What did Evan tell you happened that night?

Alexie: That both he and Mary got beat up by Henry.

Prosecutor: Okay. Did he describe it to you at all?

Alexie: Yes. By hitting with his fists and sometimes kicking also.

Chief Alexie also testified that Evan said he kept his eyes closed to try to avoid the beatings, said that Mary was "crying and wailing aloud" during the beatings, and said that during the beatings Henry announced that he was getting fed up with all of them.

■ We first address Wassilie's claim that the foundation for Evan's prior statement was inadequate. Evidence Rule 801(d)(1)(A) sets out the foundation requirement for prior inconsistent statements:

Unless the interests of justice otherwise require, the prior statement shall be excluded unless (i) the witness was so examined while testifying as to give the witness an opportunity to explain or to deny the statement or (ii) the witness has not been excused from giving further testimony in the action.

Wassilie argues that Evan was not "so examined while testifying as to give [him] an opportunity to explain or deny the [prior inconsistent] statement."

During its direct examination, the State did not directly confront Evan with his prior statement and ask him to explain or deny it. However, the State did ask Evan if he remembered the police coming to his house (at which time Chief Alexie took Evan's statement) and asked him if he remembered talking to the police about the last time his wife lived in his home. Evan testified that he "did not see" Chief Alexie and Village Police Officer Wassilie at his house. The defense then interrupted the examination and asked the prosecutor to stop questioning Evan, apparently because Wassilie was concerned about Evan's health.

In *McMaster v. State*,[4] the Alaska Supreme Court reviewed the sufficiency of the foundation for a prior inconsistent statement under former Alaska Rule of Civil Procedure 43(g)(11)(c),[5] the predecessor of Evidence Rule 801(d)(1)(A).[6] The court announced that the foundational requirement "should not be mechanically applied in every instance."[7] The witness whose prior statement was admitted in *McMaster* was five years old.[8] The court noted that a trial court must be given wide latitude when a young child is called as a witness. The testimony of the child in question in *McMaster* highlighted the problem of a young witness because the transcript showed that the child gave unresponsive answers to straight-forward questions and inconsistent answers to questions put by both parties.[9] Although the foundation for the child's prior statement did not technically comply with the rule, the court held that the trial court did not abuse its discretion by overruling McMaster's foundational objection.[10]

4.   512 P.2d 879 (Alaska 1973).

5.   Former Alaska R.Civ.P. 43(g)(11)(c) which was applicable to criminal proceedings under former Criminal Rule 26(a) at the time of McMaster's trial provided:

Prior Inconsistent Statement. A witness may be impeached by evidence that he has made at other times statements inconsistent with his present testimony. The statements must first be related to him, with the circumstances of times, places, and persons present, and the witness shall be asked whether he has made such statements and, if so, shall be allowed to explain them. If the statements are in writing, they shall be shown to the witness before he is asked any question concerning them.

6.   *See McMaster*, 512 P.2d at 882–84.

7.   *Id.* at 882.

8.   *Id.* at 880.

9.   *Id.* at 883–84.

10.   *Id.* at 884.

In this case, Evan was not a child of tender years but was over 90 years old. The State asked Evan if he remember talking with the officers, and Evan responded that he "didn't see" the officers. We note from our examination of the transcript that at points during his examination, Evan was not able to answer straight-forward questions and some of his answers were inconsistent. And because of apparent concerns about Evan's health, the defense urged that Evan be excused during the prosecutor's direct examination. Thus, Evan's advanced age and apparent poor health presented similar challenges for the superior court as did the testimony of the five-year-old in *McMaster*. And there is no question of bad faith on the prosecutor's part by agreeing to Wassilie's request for Evan's discharge. Under these circumstances, we conclude that the superior court did not abuse its discretion when it admitted Evan's prior inconsistent statement with the minimal foundation presented.[11]

■ Wassilie next argues that Evan's prior statement is not "inconsistent" when, as the trial judge found, Evan had no memory. In *Richards v. State*,[12] the Alaska Supreme Court held that a videotape in which a witness re-enacted the offense was admissible as a prior inconsistent statement after the witness testified that he could not remember much of what happened on the night of the offense.[13] The court stated, "When [the witness] testified at trial that he had forgotten much of what he had seen that night, the tape was admissible as a prior inconsistent statement."[14] The court did not address the distinction between feigned and genuine memory loss.

In *Van Hatten v. State*,[15] we held that feigned memory loss at trial is inconsistent with an earlier statement for purposes of Rule 801.[16] Van Hatten had argued that a witness's prior statement was not inconsistent for purposes of Rule 801, because a witness's feigned inability to remember amounts to a refusal to testify. However, we concluded that the *Richards* decision implicitly adopted "a broad definition of inconsistency"[17] and determined that there was no reason to adopt a stricter standard when a witness feigned a memory loss. And in *Brandon v. State*,[18] we upheld the admission of a witness's prior statements as inconsistent even though the witness had no memory at trial of those prior statements.[19]

Also, it is noteworthy that most federal circuit courts have not distinguished between actual and feigned memory loss in interpreting Federal Rule of Evidence 801(d)(1)(A)—which is similar to Alaska Rule of Evidence 801(d)(1)(A) but only applies to prior statements made under oath.[20] Three circuits have held that if a witness testifies not to remember the prior statement at trial, the prior statement is inconsistent for purposes of Rule 801(d)(1)(A).[21] Those circuits did not address the distinction between feigned and genuine memory loss. In *United States v. Gajo*,[22] the Seventh Circuit declined to limit Rule 801(d)(1)(A) to cases of turncoat wit-

11. *See id.* at 884; *Richards v. State*, 616 P.2d 870, 871–72 (Alaska 1980); *Bodine v. State*, 737 P.2d 1072, 1074 (Alaska App.1987).

12. 616 P.2d 870 (Alaska 1980).

13. *See id.* at 871.

14. *Id.* at 871.

15. 666 P.2d 1047 (Alaska App.1983).

16. *Id.* at 1051.

17. *Id.*

18. 839 P.2d 400 (Alaska App.1992).

19. *Brandon*, 839 P.2d at 411–12.

20. *See United States v. Gajo*, 290 F.3d 922, 930–32 (7th Cir.2002); *United States v. Milton*, 8 F.3d 39, 46–47 & n. 9 (D.C.Cir.1993); *United States v. Russell*, 712 F.2d 1256, 1258 (8th Cir.1983); *United States v. Distler*, 671 F.2d 954, 958 (6th Cir.1981); *United States v. Marchand*, 564 F.2d 983, 999 (2d Cir.1977); *see also* Comment, *The Forgetful Witness*, 60 U.Chi.L.Rev. 167, 189–90 (1993). *But see United States v. Bigham*, 812 F.2d 943, 946–47 & n. 2 (5th Cir.1987) (leaving open whether Rule 801 applies to cases of genuine memory loss); *United States v. Palumbo*, 639 F.2d 123, 128 n. 6 (3d Cir.1981) (implying in dicta that a prior statement is not inconsistent with genuine memory loss at trial).

21. *See Milton*, 8 F.3d at 46–47 & n. 9; *Russell*, 712 F.2d at 1258; *Distler*, 671 F.2d at 958.

22. 290 F.3d 922 (7th Cir.2002).

nesses and held that "[i]n some cases, a witness's genuine lack of memory may be inconsistent with his prior testimony." [23]

Only two circuits have implied that there may be a distinction between cases of feigned and genuine memory loss. The Fifth Circuit has left open the issue of whether Rule 801(d)(1)(A) applies to genuine memory loss.[24] And, the Third Circuit has implied in dicta that a prior statement may not be inconsistent with genuine memory loss at trial.[25] However, the Third Circuit's decision was issued in 1981, and the position it stated in dicta has not been adopted by the court.

 Consistent with the majority view of the federal circuits involving cases of memory loss, we confirm that the rule announced in *Richards* extends to cases of genuine as well as cases of feigned memory loss. If a witness claims not to remember the substance of a prior statement at trial, the witness's trial testimony is inconsistent with the prior statement for purposes of Rule 801(d)(1)(A). It is irrelevant for purposes of the rule whether the claimed memory loss is genuine or feigned because the claimed lack of memory at trial (whether genuine or feigned) is inconsistent with the witness's earlier claim to remember. We conclude that the superior court did not abuse its discretion by ruling that Evan Wassilie's prior statements were inconsistent with his genuine lack of memory at trial.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

**23.** *Gajo,* 290 F.3d at 930–32.

**24.** *See Bigham,* 812 F.2d at 946–47.

**25.** *See Palumbo,* 639 F.2d at 128 n. 6.