Stanley J. VASKA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8232.

Court of Appeals of Alaska.

July 25, 2003.

Margi A. Mock, Assistant Public Defender and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Stanley J. Vaska was convicted of sexual abuse of a minor in the first degree[1] for sexually penetrating his niece, T.E., who was about three years old at the time of the alleged offense. The only evidence the State had to establish that Vaska committed the sexual abuse were T.E.'s hearsay statements, which she made shortly after the alleged offense. When she testified at trial, several years after the alleged abuse, T.E. had no memory of the abuse or of her prior statements. Vaska contends that T.E.'s statements were inadmissible hearsay and that admitting them violated the Confrontation Clauses of the United States and Alaska Constitutions. We conclude that T.E.'s statements were admissible as prior inconsistent statements and that admission of these statements did not violate Vaska's right of confrontation. We accordingly affirm Vaska's conviction.

The State alleged that in the spring of 1994, when T.E. was about three years old, her uncle, Vaska, sexually penetrated her. A jury convicted Vaska, but this court reversed his conviction and remanded the case for further proceedings.[2] The State retried Vaska.

At Vaska's second trial, T.E. testified that she was ten years old and had just finished the fourth grade. After the State asked her a few general background questions—about her age, the name of her parents, and the need for her to tell the truth—she explained that she could not remember anything that happened before the third grade. At this point, the State indicated that it had no further questions for T.E. Vaska's attorney stated that he had no cross-examination for T.E.

The State's evidence that Vaska committed sexual abuse against T.E. was based primarily on T.E.'s hearsay statements from several years before identifying Vaska as having sexually abused her. The State presented the statements through the testimony of two witnesses, Olga Evan, who was T.E.'s mother, and Dr. Donald R. Burgess, who interviewed and examined T.E. for sexual abuse.

Evan testified that in the spring of 1994, T.E. began having mood swings. Evan questioned T.E., and T.E. told her that "her girl" hurt. According to Evan, T.E. used the phrase "her girl" to refer to her vagina. When Evan asked who hurt her, T.E. stated that a "ga-ga" hurt her. Evan testified that T.E.'s term "ga-ga" was a reference to monsters. After further questioning, T.E. told Evan that M.V.'s dad hurt her. M.V.'s dad was Vaska. Evan testified that some time later, when T.E. saw Vaska, T.E. said,

---

1. AS 11.41.434(a)(1).

2. *Vaska v. State,* 955 P.2d 943 (Alaska App.1998); *Vaska v. State,* Alaska App. Memorandum Opinion and Judgment No. 4326, *2001 WL 21196* (Jan. 10, 2001).

"There's the ga-ga." Based upon this information, Evan suspected Vaska had abused her daughter and took her to a medical clinic for a physical examination.

Dr. Burgess, a medical doctor, was qualified at Vaska's trial as an expert in pediatrics and child sexual abuse examinations. Dr. Burgess was working in the emergency department at the Yukon Kuskokwim Delta Regional Hospital in Bethel on May 6, 1994. Based on a claim that T.E. made four days earlier to a health aid in Russian Mission that her bottom was hurting, the health aid's subsequent discovery of yellow-green discharge from T.E.'s vaginal area, and Evan's concerns, Dr. Burgess interviewed and examined T.E. at the hospital.

During the course of the interview, T.E. informed Dr. Burgess that her bottom and "her girl" were hurting. In an attempt to verify the information and to more accurately determine where T.E. was hurting, Dr. Burgess asked T.E. to place her fingers in the area that hurt on an anatomically correct female doll. In response to his question, Dr. Burgess testified that T.E. placed her finger in the doll's vagina. When he then asked T.E. who hurt her, T.E. told him that M.V.'s daddy's ga-ga (which was Vaska) hurt her. Dr. Burgess testified that in his opinion, T.E.'s hymen had been damaged by a large object.

Vaska testified at trial and denied sexually abusing T.E. But the jury convicted Vaska of sexual abuse of a minor in the first degree. Vaska now appeals his conviction, arguing that Superior Court Judge Ray M. Funk erred in admitting T.E.'s hearsay statements through the testimony of Evan and Dr. Burgess.

While the record is not completely clear, it appears that, over Vaska's objection, Judge Funk found that T.E. was, under Alaska Rule of Evidence 804(a)(3), unavailable to testify because of her lack of memory. Judge Funk also found that T.E.'s prior hearsay statements to Evan identifying Vaska as her abuser were admissible under the hearsay "catchall exception" of Rule 804(b)(5). He admitted Dr. Burgess's testimony about T.E.'s statements identifying Vaska as the person who abused her because Vaska did not object.

Although Judge Funk admitted T.E.'s hearsay statement to Evan under Evidence Rule 804(b)(5), on appeal, the State argues that T.E.'s statement was admissible under Evidence Rule 801(d)(1)(A). This rule provides: "A statement is not hearsay if ... the declarant testifies at the trial or hearing and the statement is inconsistent with the declarant's testimony." The State relies on our recent decision in *Wassilie v. State*,[3] pointing out that this court may affirm a correct ruling of law by a trial court, regardless of the reasons advanced by the trial court, "if there exists independent grounds which, as a matter of law, support the trial court's conclusion."[4]

In *Wassilie*, the defendant was convicted of felony assault for assaulting his mother and father.[5] His conviction rested in part on the hearsay statement that his father, who was over ninety years old, had given to the police shortly after the assault.[6] The father testified at trial but had no memory of this prior statement or the circumstances surrounding it.[7] The State presented the testimony of Chief Alexie who had interviewed Wassilie's father on the night of the alleged assault.[8] According to Chief Alexie, the father said that Wassilie had beaten him and his wife.[9] The father described the beatings.[10] The trial judge admitted the father's statements to Chief Alexie as prior inconsistent statements, and we upheld that finding on appeal.[11] We stated:

---

3. 57 P.3d 719 (Alaska App.2002).

4. *McGee v. State*, 614 P.2d 800, 805–06 n. 10 (Alaska 1980).

5. *Wassilie*, 57 P.3d at 720.

6. *Id.* at 722.

7. *Id.*

8. *Id.* at 721.

9. *Id.*

10. *Id.*

11. *Id.* at 721–23.

If a witness claims not to remember the substance of a prior statement at trial, the witness's trial testimony is inconsistent with the prior statement for purposes of Rule 801(d)(1)(A). It is irrelevant for purposes of the rule whether the claimed memory loss is genuine or feigned because the claimed lacked memory at trial (whether genuine or feigned) is inconsistent with the witness's earlier claim to remember.[12]

Our decision in *Wassilie* supports the conclusion that T.E.'s statements to her mother, Olga Evan, were admissible as prior inconsistent statements.

 The Confrontation Clause of the Sixth Amendment to the United States Constitution gives a defendant in a criminal trial the right "to be confronted with the witnesses against him." A similar right is provided in Article 1, Section 11 of the Alaska Constitution. Vaska argues that admitting T.E.'s hearsay statements identifying him as the person who molested her violated his rights under both the state and federal Confrontation Clauses.

Our analysis of the Confrontation Clause begins with the leading case of *United States v. Owens*.[13] In *Owens*, a correctional counselor at a federal prison, John Foster, was attacked and brutally beaten with a metal pipe.[14] His memory was severely impaired.[15] At one point, while he was in the hospital, Foster was able to describe the attack to an F.B.I. agent.[16] He named Owens as his attacker, and he identified Owens from a photographic lineup.[17] At trial, Foster could describe his activities before the attack, and he remembered feeling the blows to his head.[18] He also remembered identifying Owens as his assailant to the F.B.I. agent.[19]

But he could not remember seeing Owens during the assault, nor could he say whether hospital visitors might have suggested to him that Owens was his assailant.[20] Owens argued that Foster's lack of memory about the assault meant that he was unable to meaningfully cross-examine Foster.[21] He argued that this limitation on his cross-examination violated the Confrontation Clause of the Sixth Amendment to the United States Constitution and that Foster's statement to the F.B.I. agent was inadmissible hearsay.[22]

The United States Supreme Court rejected these arguments.[23] The Court concluded that admission of Foster's hearsay identification of Owens as the person who assaulted him did not violate the Confrontation Clause or Federal Rule of Evidence 802, which generally excludes hearsay.[24] The Court held that "neither the Confrontation Clause nor Federal Rule of Evidence 802 is violated by admission of an identification statement of a witness who is unable, because of a memory loss, to testify concerning the basis for the identification."[25]

Vaska points out that *Owens* is distinguishable from his case because Foster was able to testify about the assault and about his identification of Owens. In contrast, T.E. had no recollection of the assault, her identification of Vaska, or her prior statement. Vaska's case appears to push the Confrontation Clause to its limits. But our reading of *Owens* is that the United States Supreme Court adopted the view that the Confrontation Clause only requires the hearsay declarant to testify and be available for cross-examination. The fact that T.E. could not shed any light on whether the incident about which the statement was made occurred,

12. *Id.* at 723.

13. 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

14. *Id.* at 556, 108 S.Ct. at 840.

15. *Id.*

16. *Id.* at 556, 108 S.Ct. at 841.

17. *Id.*

18. *Id.*

19. *Id.*

20. *Id.*

21. *Id.* at 557–61, 108 S.Ct. at 841–43.

22. *Id.*

23. *Id.* at 559, 564, 108 S.Ct. at 842, 845.

24. *Id.*

25. *Id.* at 564, 108 S.Ct. at 845.

whether she made the statement, or the circumstances under which she made the statement would not constitute a violation of the Confrontation Clause.

In the majority opinion in *Owens,* written by Justice Scalia, the Court adopts the analysis of Justice Harlan, which he set out in a concurring opinion in *California v. Green.*[26] In *Green,* Justice Harlan stated:

> [T]here is no 'confrontation' reason why the prosecution should not use a witness' prior inconsistent statement for the truth of the matters therein asserted. Here the prosecution has produced its witness … and made him available for trial confrontation. That, in my judgment, … satisfies the Sixth Amendment.
>
> ....
>
> The fact that the witness, though physically available, cannot recall either the underlying events that are the subject of an extra-judicial statement or previous testimony or recollect the circumstances under which the statement was given, does not have Sixth Amendment consequence. The

prosecution has no less fulfilled its obligation simply because a witness has a lapse of memory. The witness is, in my view, available. To the extent that the witness is, in a practical sense, unavailable for cross-examination on the relevant facts, for reasons stated [previously], I think confrontation is nonetheless satisfied.[27]

It therefore appears to us, that under the United States Constitution, the United States Supreme Court would hold that Vaska's confrontation rights were not violated by the admission of T.E.'s hearsay statements identifying him as the person who sexually molested her. Vaska has not argued that we should reach a different result under the Alaska Constitution.[28]

We have reviewed federal and state cases that have arisen since *Owens* to see if the subsequent judicial history supports our reading of that case. In general, it appears that the courts that have interpreted *Owens* have, at least in dicta, reached an interpretation consistent with ours.[29] Following *Wass-*

**26.** *Id.* at 559, 108 S.Ct. at 842 (citing *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (Harlan, J. concurring)).

**27.** *Green,* 399 U.S. at 188–89, 90 S.Ct. at 1950–51.

**28.** *See* Alaska R.App. P. 212(c)(1); *Aaron v. City of Ketchikan,* 927 P.2d 335, 336 (Alaska App. 1996) (quoting *State v. Zerkel,* 900 P.2d 744, 758 n. 8 (Alaska App.1995) ("When a defendant asserts that the Alaska Constitution affords greater protection than the corresponding provision of the Federal Constitution, it is the defendant's burden to demonstrate something in the text, context, or history of the Alaska Constitution that justifies this divergent interpretation.")); *Petersen v. Mut. Life Ins. Co.,* 803 P.2d 406, 411 n. 8 (Alaska 1990) (explaining that party must meaningfully brief issue).

**29.** *See, e.g., Bugh v. Mitchell,* 329 F.3d 496, 501–11 (6th Cir.2003) (concluding that trial court did not err in admitting four-year-old child victim's hearsay statements because she was subject to cross-examination regarding her inability to remember and her inarticulate responses); *United States v. McHorse,* 179 F.3d 889, 899–900 (10th Cir.1999) (finding no Confrontation Clause problem where child victim testified at trial but was unable to recall defendant's sexual abuse and defendant chose not to cross-examine witness); *United States v. Milton,* 8 F.3d 39, 47 (D.C.Cir. 1993) (finding no Confrontation Clause violation and upholding admission of prior statements un-

der Federal Evidence Rule 801(d)(1)(A) when witness testified at trial and was subject to cross-examination but could not remember events or prior statements); *United States v. Martindale,* 36 M.J. 870, 874–76 (N–M Crim.App.1993) (holding that twelve-year-old child who testified he could not remember sexual abuse or his prior statement to investigators, but was subject to cross-examination, created no Confrontation Clause problem); *Tucker v. State,* 564 A.2d 1110, 1113, 1123–24 (Del.1989) (concluding that because child abuse victim was available for cross-examination, the victim's lack of memory did not violate the Confrontation Clause); *London v. State,* 274 Ga. 91, 549 S.E.2d 394, 396–97 (2001) (holding that four-year-old child witness's evasive, forgetful, and unresponsive answers at trial made her prior inconsistent statements admissible and that there was no Confrontation Clause problem because defendant had opportunity for cross-examination); *State v. Jenkins,* 305 Mont. 95, 23 P.3d 201, 203, 204–06 (2001) (when witness, who suffered from Alzheimer's, testified at trial that she had no memory of event and was subject to cross-examination, the court held that the State properly introduced her prior inconsistent statements under Montana Evidence Rule 801(d)(1)(A) and found no Confrontation Clause violation under *Owens* ); *see also Commonwealth v. Amirault,* 404 Mass. 221, 535 N.E.2d 193, 202 (1989) (declining to address *Owens* but concluding that child victim's lack of memory presented no Confrontation Clause problem).

*But cf. United States v. Spotted War Bonnet,* 933 F.2d 1471, 1472–74 (8th Cir.1991) (explain-

*ilie* and *Owens,* we conclude that T.E.'s statements to Olga Evan identifying Vaska as having sexually abused her were admissible.[30]

Vaska also objects to Judge Funk's decision to admit T.E.'s hearsay statements to Dr. Burgess in which T.E. identified Vaska as the person who sexually assaulted her. In addition to the Confrontation Clause argument we have previously rejected, Vaska argues that the State was barred from eliciting testimony from Dr. Burgess that T.E. identified Vaska as her abuser because the statement was not made for the purpose of medical diagnosis or treatment under Alaska Evidence Rule 803(4).[31] But our review of the record shows that Vaska did not make a timely specific hearsay objection when Dr. Burgess testified that T.E. identified Vaska as the person who abused her. From the record, Vaska appears to have objected to Dr. Burgess's characterization of how T.E. was playing with an anatomically correct fe-

male doll during his medical examination of her rather than objecting to T.E.'s statement as inadmissible hearsay. As Judge Funk later found, Vaska did not object on hearsay grounds. Hearsay evidence is admissible if it is not objected to.[32] Therefore, Judge Funk did not err in admitting T.E.'s statements to Dr. Burgess.

*Conclusion*

Because we conclude that Judge Funk did not err in admitting T.E.'s hearsay statements identifying Vaska as the person who abused her, we affirm Vaska's conviction.

AFFIRMED.

ing that "simply putting a child on the stand, regardless of her mental maturity, is not sufficient to eliminate all Confrontation Clause concerns[,]" but concluding that because the two child witnesses at issue were competent, testified in open court, and were cross-examined by defense counsel, the Confrontation Clause was not violated); *State v. Canady,* 80 Hawai'i 469, 911 P.2d 104, 113–16 (App.1996) (holding that because Hawaii Evidence Rule 802.1(1) "requires that the 'declarant [be] subject to cross-examination concerning *the subject matter* of the declarant's statement[,]'" *Owens* was distinguishable and that Rule 802.1(1) requires that "the witness be subject to cross-examination about the subject matter of the prior statement, that is, that the witness be capable of testifying substantively about the event, allowing the trier of fact to meaningfully compare the prior version of the event with the version recounted at trial . . . before the statement would be admissible as substantive evidence of the matters stated therein"); *State v. Rohrich,* 132 Wash.2d 472, 939 P.2d 697, 698 (1997) (concluding that under Washington's child hearsay statute, the Confrontation Clause is violated when a child is called to testify at trial but "is not asked and does not answer any questions relating to . . . the acts of sexual contact alleged in the hearsay"); David Greenwald, *The*

*Forgetful Witness,* 60 U. Chi. L.Rev. 167, 186–87 (1993) (criticizing the *Owens* decision and arguing that for Rule 801(d) purposes, the witness should have some memory of making the prior statement); Robert P. Mosteller, *Remaking Confrontation Clause and Hearsay Doctrine Under the Challenge of Child Sexual Abuse Prosecutions,* 1993 U. Ill. L.Rev. 691, 727–30 (1993) (critiquing the *Owens* decision, its treatment of the Confrontation Clause, and its implication to the hearsay rules).

30. *See also Brandon v. State,* 839 P.2d 400, 411–12 (Alaska App.1992) (affirming trial court's ruling allowing prior inconsistent statements of three-year old witness who testified at trial but who could not remember details of an assault and holding there was no Confrontation Clause violation because child was available for cross-examination).

31. *See generally State v. Nollner,* 749 P.2d 905, 908–09 (Alaska App.1988); *Sluka v. State,* 717 P.2d 394, 398–99 (Alaska App.1986).

32. *Hayes v. State,* 581 P.2d 221, 222 n. 2 (Alaska 1978); *Cassell v. State,* 645 P.2d 219, 220–21 (Alaska App.1982).